UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**JOSHUA PAUL GALLOWAY #001755785**     **CIVIL ACTION NO. 6:25-CV-00856 SEC P**

**VERSUS**     **JUDGE ROBERT R. SUMMERHAYS**

**VALEX AMOS JR**     **MAGISTRATE JUDGE CAROL B. WHITEHURST**

**REPORT AND RECOMMENDATION**

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Joshua Paul Galloway ("Galloway"). Galloway is a pretrial detainee at the Lafayette Parish Correctional Center. He alleges the violation of his constitutional rights by his attorney.

For the following reasons, the Complaint (Rec. Doc. 1) should be DENIED and DISMISSED WITH PREJUDICE.

**I.     BACKGROUND**

Galloway alleges that his appointed attorney has failed to exercise due diligence by waiving motions, failing to appear, and failing to prepare a defense. Galloway asserts claims under § 1983, the Federal Tort Claims Act ("FTCA"), and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Rec. Doc. 1 at 3.

**II.     LAW AND ANALYSIS**

    **A.     Galloway's Complaint is subject to preliminary screening.**

Because Galloway is proceeding *in forma pauperis* (Rec. Doc. 5), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

      **B.    Galloway's attorney is not a state or federal actor.**

To state a viable § 1983 claim, Galloway must present facts that, if proven, would show that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). Neither private defense counsel nor court-appointed counsel qualify as state actors under § 1983. *See Polk v. Dodson*, 454 U.S. 312, 325 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions); *Miles v. Aldredge*, 795 F. App'x 319 (5th Cir. 2020) (public defender cannot be sued for performing traditional legal functions); *Wallace v. Marshall*, 786 F. App'x 481 (5th Cir. 2019) (affirming dismissal of § 1983 claim against state-appointed attorney): *Combs v. City of Dallas*, 289 F. App'x 684, 687 (5th Cir. 2008) (neither private attorneys nor court-appointed attorneys are official state actors); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (same). Accordingly, Galloway fails to state a viable claim under § 1983.

Galloway also fails to state a claim for which relief can be granted under *Bivens* because he does not sue a federal official. *See Bivens,* 403 U.S. at 389. Likewise, he fails to state a viable claim under the FTCA because he does not allege a tort by a federal officer. *See Millbrook v. United States*, 569 U.S. 50, 54 (2013).

**III.   CONCLUSION**

Because Galloway does not present allegations involving a state or federal actor, IT IS RECOMMENDED that the Complaint (Rec. Doc. 1) be DENIED and DISMISSED WITH PREJUDICE under § 1915(e)(2)(B).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension

of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, September 8, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE